## 62238. MOSS v. ATLANTA HOUSING AUTHORITY.

POPE, Judge.

Cora Lee Moss initiated this action against the Housing Authority of the City of Atlanta alleging that she suffered certain personal injuries as a result of the negligence of the Housing Authority in allowing mud to accumulate on a sidewalk at one of its housing projects. Mrs. Moss claimed she slipped and fell on a sidewalk at night while walking from the apartment where she was staying with her daughter to a neighbor's apartment. Further she alleged negligence by the Housing Authority in failing to maintain proper lighting, claiming the security light in front of her apartment would have illuminated the area where she slipped had it not been out at the time of the occurrence.

Mrs. Moss stated by deposition that she became aware during the year she had been staying with her daughter that mud would wash down from a bank and accumulate on the sidewalks near the apartment. She said that it had been raining very hard for several days prior to her fall, so she walked across the yard to avoid the mud that normally accumulated upon the sidewalk. When she stepped from the yard back onto the sidewalk, she fell and injured herself allegedly from slipping on some mud she indicated was at a point on the sidewalk where mud had not always been.

Mrs. Moss contends the trial court erred in granting summary judgment to the Housing Authority. In order for Mrs. Moss to recover, two elements must exist: (1) fault on the part of the Housing Authority, and (2) ignorance of the danger on the part of the invitee, Mrs Moss. *Pound v. Augusta National,* 158 Ga. App. 166 (279 SE2d 342) (1981). " 'The true ground of liability of the owner . . . of property to an invitee who is injured thereon is superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm.' " *Sutton v. Sutton,* 145 Ga. App. 22, 25 (243 SE2d 310) (1978). If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the

invitee and there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of this knowledge, the invitee assumes the risks and dangers incident to a known condition. *Rogers v. Atlanta Enterprises, Inc.,* 89 Ga. App. 903 (81 SE2d 721) (1954).

In the present case Mrs. Moss elected to leave her daughter's apartment and travel on the sidewalk in the dark with full knowledge that there would be muddy spots on certain areas of the sidewalk. Further, she knew at the time she left the apartment that the light in front was out and had been out for a week. Mrs. Moss' statements, taken in the light most favorable to her, show that she proceeded with full knowledge of the sidewalk and lighting conditions. We find no reason to hold that the Housing Authority had any superior knowledge to that of Mrs. Moss and therefore affirm the trial court's grant of summary judgment. *Pound,* supra.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 1, 1981.

*C. Lawrence Jewett,* for appellant.
*Brady D. Green,* for appellee.