67092. LONG et al. v. GENERAL MILLS RESTAURANT GROUP, INC.

SHULMAN, Presiding Judge.

This appeal followed the entry of a judgment in favor of appellee after the trial court directed a verdict for appellee in a negligence action brought by appellants Brian Long and his father. Appellants argue that the motion for directed verdict was improperly granted. We disagree and affirm the trial court's action.

The evidence construed in the light most favorable to appellants is as follows: On August 2, 1980, appellant Brian Long and several friends drove from Covington, Georgia, to a Red Lobster restaurant on Memorial Drive in DeKalb County in order to eat dinner. As he approached the restaurant entrance, appellant noticed people waiting outside the doors. His party entered the crowded restaurant lobby, was informed of a 30 to 45-minute wait, and stood four to five feet from the exit. After five to ten minutes of standing there, Brian began to feel faint and informed several of his friends that he wished to get some fresh air. Two members of his group assisted him through the waiting crowd to the exit. Upon reaching the doors, a crowd entered the restaurant and appellant's friends let go of him so that he could exit. Appellant took one step forward and then fainted, falling through the doorway and striking his chin on the concrete area adjacent to the building. He suffered a fractured jaw, fractured teeth, and a cut lip.

Appellants contended that appellee was negligent in main-

taining a hot, crowded lobby. "In order for [appellants] to recover, two elements must exist: (1) fault on the part of the [restaurant], and (2) ignorance of the danger on the part of the invitee, [Brian Long]. [Cit.] ' "The true ground of liability of the owner . . . of property to an invitee who is injured is thereon superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." ' [Cit.] If the invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for the resulting injury because the invitee has as much knowledge as the proprietor. By voluntarily acting in view of this knowledge, the invitee assumes the risks and dangers incident to a known condition. [Cit.]" *Moss v. Atlanta Housing Auth.,* 160 Ga. App. 555 (287 SE2d 619). Appellants' knowledge of the heated and crowded condition of the lobby being equal to that of appellee, "it follows that [they have] failed to show a right of recovery based upon the acts of negligence alleged." *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 907 (81 SE2d 721).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 5, 1984.

*Wesley Williams,* for appellants.
*W. Wray Eckl,* for appellee.