67849. ROBINSON et al. v. WESTERN INTERNATIONAL HOTELS COMPANY.

CARLEY, Judge.

Appellant-plaintiffs Mr. and Mrs. Robinson were registered guests in appellee-defendant's hotel. For an additional fee, they elected to store their vehicle in the hotel's valet parking facility for the duration of their stay. The keys to their vehicle were therefore turned over to appellee's employees who were in charge of the garage facility. When appellants checked out of the hotel, they presented the claim check for their vehicle and were instructed to wait for their car to be brought to them. After a considerable period of time, appellants were told that the keys to their vehicle could not be located. A hotel employee then asked Mr. Robinson to accompany him to the key booth to identify his keys. Mr. Robinson was led through an "employees only" area of the garage. Mr. Robinson and the employee subsequently arrived at the key booth, which was located on a walkway immediately adjacent to the driveway by which vehicles were entering and leaving the garage facility.

When Mr. Robinson reached the key booth, he stepped inside. According to Mr. Robinson, entering the booth from the walkway required that he negotiate a step of unusual height. Once in the booth, Mr. Robinson identified his keys, although he testified that the light was dim. As Mr. Robinson left the booth, he fell. According to his testimony, in attempting to step down from the booth to the walkway he either entirely or partially missed his footing and pitched forward into the driveway.

Mr. Robinson instituted a tort action against appellee to recover for the physical injuries he allegedly sustained when he fell. His wife also sued for loss of consortium. The case was tried before a jury and

verdicts for appellants were returned. Appellee moved for judgment n.o.v., or in the alternative, for a new trial. Appellee's motion for judgment n.o.v. was granted and its motion for a new trial was also conditionally granted. Appellants appeal.

1. The grant of appellee's motion for judgment n.o.v. is enumerated as error. The principles of law applicable to a motion for judgment n.o.v. are substantially the same as those applicable to a motion for directed verdict. Thus, only if there was no conflict in the evidence and a verdict for appellee was demanded as a matter of law was the motion for judgment n.o.v. properly granted in the instant case. See *Ballenger Corp. v. Dresco Mechanical Contractors,* 156 Ga. App. 425, 429 (274 SE2d 786) (1980).

The following legal principles are applicable in the instant case: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. " 'The question of a violation of 'the duty to exercise ordinary care to afford [guests] premises that are reasonably safe for use and occupancy,' which is the duty an innkeeper owes his guests, is a question of negligence and this court is bound by the rule that such matters are for the jury except in plain, palpable and indisputable cases. [Cit.] Further, the innkeeper has a duty to inspect and is liable for such injuries caused by defects as would be disclosed by a reasonable inspection.' [Cits.]" *Palagano v. Georgian Terrace Hotel Co.,* 123 Ga. App. 502, 505 (181 SE2d 512) (1971). " 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition.' [Cit.] Thus we can characterize the rule in relation to a 'static condition' as being that the basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. [Cit.]" *Inglett v. Winn-Dixie, Greenville,* 168 Ga. App. 192, 194 (308 SE2d 587) (1983).

Although Mr. Robinson was in an "employee only" area of the hotel at the time of his fall, appellee does not contest that, under the circumstances, Mr. Robinson was its invitee in the parking facility. See generally *Traylor v. Hyatt Corp.,* 122 Ga. App. 633 (178 SE2d 289) (1970); *Ellerman v. Atlanta American Motor Hotel Corp.,* 126 Ga. App. 194 (191 SE2d 295) (1972); *Summer v. Hyatt Corp.,* 153 Ga. App. 684 (266 SE2d 333) (1980). "The duty to keep the premises safe

for invitees extends to all portions of the premises which it is necessary for the invitee to use in the course of the business for which the invitation was extended, and at which his presence should therefore be reasonably anticipated, or to which he is allowed to go." *Coffer v. Bradshaw*, 46 Ga. App. 143 (7) (167 SE 119) (1932). Compare *London Iron & Metal Co. v. Abney*, 245 Ga. 759 (267 SE2d 214) (1980).

Likewise, appellee does not contend that the evidence would not have authorized a finding that the key booth where Mr. Robinson fell was a hazardous condition on its premises. In the words of appellants' expert, the key booth area evidenced five "hazardous factors." These factors were: (1) The narrowing of the walkway at the entrance to the booth; (2) The 3-to-4 inch slope of the walkway toward the driveway; (3) The dim lighting in the area; (4) The close proximity of vehicular traffic to the booth; and (5) The 16-inch stepup into the booth with "no handhold, no rail or nothing other than the door frame to hold onto." According to appellants' expert, as the result of these "hazardous factors," "a person coming out of the booth . . . would have a tendency to surge forward . . ., and end up in the drive."

Furthermore, appellee makes no argument that it lacked knowledge that, as constructed, its key booth presented a hazardous condition to its users. "The liability of a proprietor under [OCGA § 51-3-1] which results from failure to keep the premises safe always depends on notice of the danger except where notice is presumed, as in cases of defective construction." *Veterans Organization v. Potter*, 111 Ga. App. 201, 205 (141 SE2d 230) (1965).

What appellee does assert and what apparently led the trial court to grant the motion for judgment n.o.v. was Mr. Robinson's purported "equal knowledge" of the hazards presented to one using the key booth. See *Lane v. Maxwell Bros. & Asbill, Inc.*, 136 Ga. App. 712 (222 SE2d 184) (1975). However, unlike *Lane*, the evidence in the instant case clearly shows that there was "something unusual and dangerous" in the manner in which the key booth was placed. As noted above, appellants' expert testified to five factors demonstrating that, as constructed and situated, the booth presented a hazardous condition to its users. "Whether the combination of maintaining irregular steps and failing to provide lighting to illuminate the steps constituted negligence was a matter . . . [for] the jury." *Hatcher v. City of Albany*, 147 Ga. App. 843, 844 (1) (250 SE2d 537) (1978). Thus, the issue is whether Mr. Robinson was aware of the danger inherent in the conditions surrounding the booth, not merely whether he was aware of the existence of the conditions themselves. " '[K]nowledge of defect' should not be confused with 'knowledge of danger.' " *Firestone Service Stores v. Gillen*, 58 Ga. App. 782, 787 (199 SE 853) (1938).

Appellee relies upon the fact that Mr. Robinson successfully ne-

gotiated the walkway and stepped up into the booth as evincing his knowledge of the dangers presented thereby and as militating against his recovery. See generally *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981). However, unlike *Pound*, Mr. Robinson did not fall while simply traversing the area in front of the booth in exactly the same manner as he had previously done. Mr. Robinson had previously crossed the walkway and stepped *into* the booth. He fell while attempting to *exit* the booth. The evidence would authorize a finding that, due to the hazardous factors which existed in the booth area, those who attempted to exit the booth were subjected to "a tendency to surge forward . . ., and end up in the drive." Under these circumstances, the mere fact that Mr. Robinson had on a single prior occasion stepped into the booth would not necessarily preclude his recovery for a fall which occurred while attempting to exit it. "[W]e cannot say that under these circumstances that a conclusion, as a matter of law, is demanded that the plaintiff should have had a full appreciation of the danger, and that in the exercise of ordinary care [he] should have avoided the injury to [himself]. This, we think is a question for the jury." *Firestone Service Stores v. Gillen*, supra at 787. See also *Scott v. Rich's*, 47 Ga. App. 548 (171 SE 201) (1933); *Hatcher v. City of Albany*, supra at 845 (2). Compare *Cash & Save Drugs v. Drew*, 124 Ga. App. 721 (185 SE2d 786) (1971); *Inglett v. Winn-Dixie*, supra; *Harris v. Star Service &c. Co.*, 170 Ga. App. 816 (___ SE2d ___) (1984).

Moreover, there is yet another element which is present in the instant case which does not exist in those decisions relied upon by appellee. As noted above, one of the hazardous factors which was presented by the key booth was its extremely close proximity to vehicular traffic on the driveway. Mr. Robinson testified that this factor "was about the most frightening part of it. And they were also bringing [vehicles] out while I was in there, in the booth, which was almost hanging over the drive, right at the edge of the drive." Under these circumstances, it cannot be said that, as a matter of law, the "distraction theory" is inapplicable. See generally *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 428 (1) (263 SE2d 171) (1979). "The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized. From this stems the rule that a lesser degree of prudence may be sufficient to constitute ordinary care where there are circumstances causing stress or excitement. [Cit.] The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur." *Redding v. Sinclair Re-*

*fining Co.*, 105 Ga. App. 375, 378 (124 SE2d 688) (1962). The evidence authorized a finding of Mr. Robinson's distraction "by reason of present or reasonably to be anticipated dangers" resulting from being subjected to extremely close proximity to vehicular traffic, *Yancey v. Southern R. Co.*, 99 Ga. App. 493, 496 (2c) (109 SE2d 300) (1959), and the jury in the instant case was in fact charged as to this issue. Accordingly, the issue of Mr. Robinson's exercise of ordinary care for his own protection was a question for the jury, not for the court. *Sears, Roebuck & Co. v. Chandler*, supra at 430.

Our review of the transcript demonstrates that the evidence was sufficient to authorize a verdict for appellants and did not demand a verdict for appellee. The trial court erred in granting appellee's motion for judgment n.o.v. See generally *Bryant v. Colvin,* 160 Ga. App. 442 (287 SE2d 238) (1981).

2. Appellants also enumerate as error the conditional grant of appellee's motion for new trial. It appears that this motion was granted on the general grounds. Appellants have shown neither abuse of the trial court's discretion nor legal and factual circumstances which require judgment in their favor. Accordingly, the grant of the motion for new trial is affirmed. *Hicks v. American Interstate Ins. Co.*, 158 Ga. App. 220, 225 (2) (279 SE2d 517) (1981).

*Judgment reversed in part and affirmed in part. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 4. 1984.

*John P. Partin*, for appellants.
*William L. Spearman*, for appellee.