A94A1959. THOMAS v. SOUTHWEST GEORGIA COMMUNITY
ACTION COUNCIL, INC.
(451 SE2d 800)

BLACKBURN, Judge.

Appellant, Lucille Thomas, appeals the order of the trial court granting appellee, Southwest Georgia Community Action Council, Inc.'s (Southwest Georgia), motion for summary judgment and dismissing her suit for damages arising out of a slip and fall injury.

On March 6, 1991, a clear sunny day, Thomas, age 68, went to Southwest Georgia at its Early County Service Center to pick up surplus commodities which Southwest Georgia distributed to eligible recipients. As she had done once or twice previously, Thomas entered the premises by its front door, stepping up one step to the concrete landing immediately outside the entrance. She noticed that the bricks which edged the front of the landing appeared worn and slippery; however, apart from dirt in the area of the entrance, she noted no foreign object or debris on the landing. On later exiting the facility by the same door, she slipped on the brick edging and fell.

Thomas enumerates that the trial court's grant of the motion for summary judgment was error in that a jury question exists as to whether she had superior knowledge of the hazardous condition. In this regard, she argues that the trial court erred in finding as a matter

of law that her knowledge of the unsafe condition was equal or superior to that of Southwest Georgia.

"Even where premises are dangerous and a proprietor is negligent, he is not liable for an injury where the plaintiff had equal or superior knowledge of a dangerous condition and fails to exercise ordinary·care for his own safety. If he knows of a defect, or in the exercise of reasonable care would have known of it, he must use all his senses in a reasonable measure amounting to ordinary care to discover and avoid those things that might cause him harm. Although the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. Plaintiff is charged with knowledge of those defects which he had actually observed or which were so transparently obvious that his failure to observe them cannot reasonably be excused." (Citations and punctuation omitted.) *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).

It is uncontroverted in the record that Southwest Georgia knew that potential for slipping and falling existed at the front entrance of its service center in the instant circumstances. The record reflects that two people had previously fallen on the landing and for that reason Southwest Georgia kept the front door locked on non-distribution days. Nevertheless, it is equally clear in the case at bar that Thomas knowingly elected to enter and exit the service center by a route that caused her to traverse a condition she knew to be dangerous. She had done so successfully on one or two prior occasions and knew that she could have exited by side entrances which would not have required her to negotiate any step upon leaving the building. "When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Neither does the fact that Thomas is elderly relieve her of the duty to exercise ordinary care in negotiating an allegedly dangerous static condition. See *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (435 SE2d 764) (1993).

Thomas argues *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812, 814-815 (318 SE2d 235) (1984), for the proposition that her knowledge of the defect upon entering the facility should not be confused with her knowledge of danger as she exited it. We conclude that *Robinson* is inapposite. Unlike *Robinson,* there is no evidence before us involving an unusually high step, poor lighting, or of danger beyond the step that might have operated to distract Thomas as she exited the service center, a danger of which she might have been unaware as she entered the facility. Moreover, unlike the victim in

*Robinson,* Thomas had entered and exited the service center in the same way one or two times previously.

"[I]f on motion for summary judgment a party offered self-contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him." *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27, 28 (343 SE2d 680) (1986). Upon being deposed, Thomas initially testified that she was looking where she placed her foot, but later testified that she might have been looking ahead rather than down when she slipped and fell. Further, in the affidavit Thomas gave to support her brief in opposition to Southwest Georgia's motion for summary judgment, Thomas stated that she did not know the extent to which a dangerous condition existed because she had not looked at the bricks carefully as she entered the building. Thomas also indicated that the cause of her fall might have been the dirt on the landing rather than the slippery condition of the bricks as she had originally deposed.

Construing the evidence in a light most favorable to the non-moving party, we conclude that the evidence does not create a triable issue as to each essential element of the case. Accordingly, the trial court did not err in determining as a matter of law that Southwest Georgia did not have superior knowledge and summary judgment below was the proper remedy. *Lau's Corp. v. Haskins,* 261 Ga. 491, 495 (405 SE2d 474) (1991).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 1994 —
RECONSIDERATION DENIED DECEMBER 14, 1994.

*Geer & Rentz, Donald D. Rentz,* for appellant.

*Watson, Spence, Lowe & Chambless, John M. Stephenson,* for appellee.