A97A1042. ULBRICH OF GEORGIA, INC. v. WILLIAMS et al.
(492 SE2d 238)

POPE, Presiding Judge.

In this slip and fall case, defendant Ulbrich appeals the denial of its motion for summary judgment. Because plaintiff Williams was at least as aware of the dangerous condition as defendant, we reverse.

We view the evidence in a light favorable to plaintiff, based mainly on his own deposition testimony. Plaintiff was a truck driver with Yellow Freight Systems, and defendant's warehouse was a regular stop on his route. Plaintiff would deliver or pick up goods there almost every day, and 90 percent of the time he would use a dock board or leveler — a device on the dock which attaches to a delivery truck and moves up or down as necessary to allow a flat surface for moving goods on or off the truck. The device is designed to move up when the worker pulls a chain and to move down when the worker applies pressure by walking on the board. Plaintiff is relatively slight, however, and he had previously had trouble getting the device to go down on a number of occasions, both at defendant's facility and at other businesses with the same type of leveler. Plaintiff realized that he needed a heavier person's help or some method of applying more pressure. But plaintiff never complained to anyone or asked for help, even though he acknowledged that the people at defendant's facility were nice and would have helped him if he had asked. Instead, he developed a method of pushing against a nearby wall for additional leverage and thus additional pressure. This had worked on previous occasions; but on the day of plaintiff's accident, he slipped while pushing against the wall and fell into the dock — perhaps because it had been raining and the dock board was wet.

Even if premises are dangerous and the landowner is aware of the danger, the landowner is not liable if the plaintiff has equal or

superior knowledge of the danger and fails to exercise ordinary care for his own safety. See, e.g., *Thomas v. Southwest Ga. Community Action Council*, 215 Ga. App. 638, 639 (451 SE2d 800) (1994). In this case, even if we assume the dock leveler was defective and defendant was aware of the defect, plaintiff's own deposition testimony shows that his knowledge of the danger was at least as great and at least as specific as that of defendant. He knew that he had frequently had trouble with the leveler in the past, and he knew that the dock and leveler were wet from rain on the day of his accident.

Plaintiff's reliance on *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701 (1) (289 SE2d 807) (1982) is misplaced. In that case, we held that a plaintiff's equal knowledge should not bar recovery in an employment context where the worker's only alternatives were to engage in the dangerous activity or walk off the job. In this case, plaintiff acknowledged that he had another alternative: he could have asked for help. And if he had done so, he could have avoided the danger. See also *Harmon v. Reames*, 188 Ga. App. 812 (374 SE2d 539) (1988).

Accordingly, the trial court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 24, 1997 —
RECONSIDERATION DENIED SEPTEMBER 12, 1997 — ▮▮▮▮▮▮▮▮

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Jerald R. Hanks, Michael C. Cherof*, for appellant.

*Furlong & Franco, Walter W. Furlong*, for appellees.