501 S.E.2d 466

**Pearl R. CARRIER, Plaintiff Below, Appellant,**

v.

**CITY OF HUNTINGTON, A Municipal Corporation of the State of West Virginia, Defendant Below, Appellee.**

No. 24140.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1998.

Decided Feb. 25, 1998.

Paul J. Prunty, Huntington, for Appellant.

James A. Dodrill, Dodrill, Brison & Curnutte, Charleston, for Appellee.

**PER CURIAM:** [1]

■ Pearl R. Carrier, appellant/plaintiff, appealed an order by the Circuit Court of Cabell County granting summary judgment to the City of Huntington, appellee/defendant. Ms. Carrier contends that the circuit court committed error by applying premises liability principles of law to the facts of this case.[2] We agree.

## I.

### FACTUAL BACKGROUND

On December 7, 1993, Ms. Carrier tripped and fell on a sidewalk in Huntington.[3] Ms. Carrier sustained injuries to her face and other parts of her body. The sidewalk on which Ms. Carrier fell had "broken, uneven and missing pieces of concrete." Ms. Carrier filed suit against the City of Huntington (Huntington) on December 6, 1995. The complaint charged Huntington with negligence in failing to maintain the sidewalk in good repair.

After a period of discovery, Huntington moved for summary judgment. The circuit court ruled that premises liability principles of law governed the case. Applying those principles to the case, the circuit court con-

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. The plaintiff has assigned as error several specific issues, all of which relate to the application of premises liability principles. Those specific issues need not be addressed. For the reasons stated in this opinion, premises liability principles do not apply to this case.

3. The sidewalk was located on 3rd Avenue, between 9th and 10th Streets.

cluded: (1) Ms. Carrier was an invitee on the sidewalk, (2) Ms. Carrier admitted she had a long standing prior knowledge of the sidewalk's condition, (3) the sidewalk's condition was open and obvious, (4) the alleged defect was not a hidden defect or trap on Huntington's property, and (5) Huntington owed Ms. Carrier no duty. Based upon these findings, the circuit court granted summary judgment for Huntington.

## II.

## STANDARD OF REVIEW

A circuit court's entry of summary judgment is reviewed de novo. Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). We will reverse a circuit court's award of summary judgment if there is a genuine issue of material fact to be resolved or if, as a matter of law, the moving party is not entitled to the judgment. *Williams v. Precision Coil,* 194 W.Va. 52, 60, 459 S.E.2d 329, 336 (1995). "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

## III.

## DISCUSSION

### A. Premises Liability Principles

The issue in this case is whether premises liability principles are applicable in an action against a municipality resulting from Huntington's negligent failure to maintain its sidewalks in good repair. The circuit court ruled that premises liability principles were applicable to this case. Specifically, the circuit court ruled that Ms. Carrier was an invitee on the sidewalks of Huntington. The circuit court also ruled that Huntington owed no duty to Ms. Carrier because the defective condition of the sidewalk was open and obvious.

■ Under premises liability principles an individual on private property may be an invitee, a licensee or a trespasser. Whether a party injured on the premises of another is an invitee, licensee or trespasser is significant under the law of West Virginia. The law imposes different duties of care on possessors of premises with regard to invitees, licensees and trespassers.

■ This Court has stated "[a] person is an invitee when for purposes connected with the business conducted on the premises he enters or uses a place of business." Syl. pt. 1, *Burdette v. Burdette,* 147 W.Va. 313, 127 S.E.2d 249 (1962). The duty owed to an invitee was outlined in syllabus point 2 of *Burdette.* In *Burdette,* the Court concluded "[t]he owner or the occupant of premises owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Also, in syllabus point 3 of *Burdette* we held "[t]he owner or the occupant of premises used for business purposes is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of actionable negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person."

■ In defining a licensee in syllabus point 2 of *Cole v. Fairchild,* 198 W.Va. 736, 482 S.E.2d 913 (1996), we said "[a] person is a licensee when he or she has permission or consent to enter the premises of another not in response to any inducement offered by the owner or occupant, or for a purpose having some connection with a business actually or apparently carried on there by the occupant, but for his own mere pleasure, convenience, or benefit." In the single syllabus of *Hamilton v. Brown,* 157 W.Va. 910, 207 S.E.2d 923 (1974) this Court held that:

Mere permissive use of the premises, by express or implied authority ordinarily creates only a license, and as to a licensee, the law does not impose upon the owner of the property an obligation to provide against dangers which arise out of the existing condition of the premises inasmuch as the licensee goes upon the premises subject to all the dangers attending such conditions.

As to a trespasser, we held in syllabus point 1 of *Huffman v. Appalachian Power Co.*, 187 W.Va. 1, 415 S.E.2d 145 (1991) that "[a] trespasser is one who goes upon the property or premises of another without invitation, express or implied, and does so out of curiosity, or for his own purpose or convenience, and not in the performance of any duty to the owner." In syllabus point 2 of *Huffman* we held that "[t]he owner or possessor of property does not owe trespassers a duty of ordinary care. With regard to a trespasser, a possessor of property only need refrain from wilful or wanton injury."

### B. The Liability of Cities is Governed by Statute

This Court has never applied premises liability theories to personal injury claims arising from injury on public property. Injuries occurring on public property are governed by specific statutes. The specific statutes are W.Va.Code § 29–12A–4(c)(3) [4] and W.Va.Code § 17–10–17. [5] With respect to W.Va.Code § 29–12A–4(c)(3), this Court held in syllabus point 3 of *Koffler v. City of Huntington*, 196 W.Va. 202, 469 S.E.2d 645 (1996), in part, that:

> Under W.Va.Code, 29–12A–4(c)(3) [1986], political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political

subdivisions open, in repair, or free from nuisance[.]

Regarding W.Va.Code § 17–10–17, we said in *Higginbotham v. City of Charleston*, 157 W.Va. 724, 204 S.E.2d 1 (1974), overruled on other grounds, *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977), that W.Va.Code § 17–10–17 imposed a duty upon cities to repair and to maintain streets and sidewalks. Cities can be held liable in private actions for failing to repair and maintain its streets and sidewalks in violation of the statute. We pointed out in *Benson v. Kutsch*, 181 W.Va. 1, 7, 380 S.E.2d 36, 42 (1989) that "[t]his statute specifically provides a right to recover damages for those injured." Citing *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975); *Burdick v. City of Huntington*, 133 W.Va. 724, 57 S.E.2d 885 (1950); *Parsons v. Roane County Court*, 92 W.Va. 490, 115 S.E. 473 (1922). The statute "unequivocally gives one the right to sue a city if he is injured by its negligence." *O'Neil*, 160 W.Va. at 700, 237 S.E.2d at 508. In syllabus point 11 of *Long* we held that "[a] municipal corporation shall be liable [under W.Va.Code § 17–10–17], as if a private person, for injuries inflicted upon members of the public which are proximately caused by its negligence in the performance of functions assumed by it."

When construing W.Va.Code § 29–12A–4(c)(3) or W.Va.Code § 17–10–17, this Court has never applied premises liability principles. The reason for not applying premises liability principles to actions under

---

4. W.Va.Code § 29–12A–4(c)(3) provides that:
    (3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, or free from nuisance, except that it is a full defense to such liability, when a bridge within a municipality is involved, that the municipality does not have the responsibility for maintaining or inspecting the bridge.

5. W.Va.Code § 17–10–17 provides in relevant part:
    Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court [county commission] or any road, bridge,

street, alley or sidewalk in any incorporated city, town or village being out of repair due to the negligence of the county court [county commission], incorporated city, town or village may recover all damages sustained by him by reason of such injury in an action against the county court [county commission], city, town or village in which such road, bridge, street, alley or sidewalk may be, except that such city, town or village shall not be subject to such action unless it is required by charter, general law or ordinance to keep the road, bridge, street, alley or sidewalk therein, at the place where such injury is sustained, in repair. If it is not so required, the action and remedy shall be against the county court [county commission].

W.Va.Code § 29–12A–4(c)(3) or W.Va.Code § 17–10–17, is that the statutes do not expressly provide for the distinctions contained in premises liability principles.[6] The cause of action against Huntington in the instant case was statutorily created. It is for the legislature and not this Court to craft distinctions in the duty of care under W.Va.Code § 29–12A–4(c)(3) or W.Va.Code § 17–10–17.[7] Therefore, the circuit court committed error in applying premises liability principles to this case, as they are inapplicable.[8]

## IV.

## CONCLUSION

For the foregoing reasons, we conclude that premises liability principles are not applicable in an action against a municipality. Accordingly, we reverse the decision of the circuit court of Cabell County and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.

---

6. Huntington contends that the use of the word "negligence" in W.Va.Code § 17–10–17 permits this Court to apply premises liability principles to this statutory cause of action. We decline to rule that imposing a "negligence" standard on local governments under W.Va.Code § 17–10–17, permits this Court to apply common law principles developed under premises liability.

7. Huntington cites *Moss v. Atlanta Housing Authority*, 160 Ga.App. 555, 287 S.E.2d 619 (1981) as authority for applying premises liability principles to the instant case. However, in *Moss*, the plaintiff initiated the action against the *Housing Authority* of the City of Atlanta. *Moss* alleged that she suffered certain personal injuries as a result of the negligence of the Housing Authority in allowing mud to accumulate on a sidewalk at one of its housing projects. (Emphasis added.) *Moss* did not sue the City of Atlanta. Instead, the suit was brought against a proprietary entity,

the Housing Authority, for an injury resulting on the sidewalk maintained by that entity. In the instant case, Huntington was sued, and not a proprietary entity. The sidewalk on which the plaintiff fell was a public sidewalk. Moreover, in *Moss* the lawsuit against the Housing Authority was not based upon statutory authority as is the instant case.

8. Huntington asserts that the manner in which Ms. Carrier crossed the street to get to the sidewalk violated one of its ordinances. Additionally, Huntington argues that Ms. Carrier admitted that she saw the defects in the sidewalk. These issues are questions of contributory negligence. "Whether and to what extent the plaintiff in a civil action was contributorily negligent are ordinarily questions of fact to be resolved by the jury." Syl. pt. 10, *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61 (1990).