## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dean Fuller,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0881**(Cabell County 17-C-545)

**The City of Huntington,**
**Defendant Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dean Fuller, by counsel Abraham J. Saad, appeals the order of the Circuit Court of Cabell County that granted respondent's motion for summary judgment. Respondent the City of Huntington ("the City"), by counsel Steven K. Nord and Mark R. Simonton, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 12, 2016, petitioner fell on a tree well located on the sidewalk in the 1500 block of Fourth Avenue in Huntington, West Virginia, near the D.P. Dough restaurant.[1] Prior to his fall, petitioner walked nearly five blocks down Fourth Avenue, passing by approximately twenty tree wells. Although petitioner acknowledged seeing tree wells along Fourth Avenue, he testified that most of the tree wells were filled with gravel and mulch or were covered with a metal grate. Petitioner alleged that the subject tree well was not filled or covered like the others, but instead had a six to seven inch drop from the sidewalk edge to the bottom of the tree well.

---

[1] Petitioner alleged that, as a result of his fall, he had a bloody nose and that his elbow was fractured in numerous places.

1

Petitioner filed suit against the City and M.J. Zones, Inc. ("M.J. Zones")[2] alleging negligence and seeking damages for injuries he sustained from his fall. After conducting discovery, the City and M.J. Zones filed motions for summary judgment arguing that the condition over which petitioner fell was open and obvious. The circuit court heard argument on those motions and directed the parties to submit proposed orders.

The circuit court granted the City's motion for summary judgment by order entered on August 29, 2019. In that order, the circuit court found as follows:

1. On December 12, 2019, [petitioner] began walking from Chase Bank located on Fifth Avenue in Huntington, West Virginia toward Frank's Campus Barber Shop located toward the end of the 1500 block of Fourth Avenue in Huntington, West Virginia.

2. As [petitioner] walked several blocks along this path, he passed multiple tree wells[3] that were positioned in and along the sidewalk. [Petitioner] admits seeing and appreciating the existence of these tree wells along the sidewalk.

3. While [petitioner] was walking in front of the D.P. Dough restaurant located at 1520 Fourth Avenue in Huntington, West Virginia, he stepped to the side and into the subject tree well in order to avoid a group of individuals approaching from the opposite direction.

4. [Petitioner] admitted that there was nothing obstructing or impeding his view of the tree well. [Petitioner] is not visually impaired[,] and the weather was clear.

5. As of result of [petitioner's] decision to intentionally step into the tree well, he fell and injured his elbow.

6. [Petitioner] alleges that his fall was caused by the subject tree well being in disrepair and not properly maintained because it was not filled with mulch or gravel like other tree wells along the path of his travel. Specifically, he argues that while the tree well was clear, the danger or harm was not apparent because he did not appreciate that this tree well was not filled and flush with the sidewalk.

7. Photos taken by counsel for [petitioner] shortly after the incident show that the tree well was quite noticeably deep and that the tree well was not covered over with debris, such as leaves or litter that could have obstructed [petitioner's] view of the depth of the well in the sidewalk. [Petitioner's] own measurement of the drop into the tree well is that it was 6-7 inches deep.

---

[2] Petitioner's claims against M.J. Zones were not addressed in the order on appeal, and, thus, M.J. Zones is not participating in this appeal.

[3] The circuit court order refers to this area interchangeably as a "tree-well" or a "tree well." For consistency, it will be referred to as a "tree well" throughout this memorandum decision.

8. Petitioner admitted that as he was walking down the sidewalk he was not concerned about, and did not make any effort to notice, the existence of naturally occurring protrusions or deviations in the walkway or surrounding area.

Based upon these findings of fact, the circuit court set forth the following conclusions of law:

1. Cities have a statutory duty to repair and to maintain streets and sidewalks, and can be held liable in private actions if they fail to do so. *Carrier v. City of Huntington*, 501 S.E.2d 466, 202 W.Va. 30 (1998) (emphasis added). Both West Virginia statutory law in West Virginia Code § 17-10-17, common law, and Huntington's own city ordinance, 909.21 clearly state that municipalities must maintain their sidewalks.

2. Huntington City Ordinance 909.21 provides, in part, "Any sidewalk which has a two-inch deviation in height at any point shall be in disrepair and must be repaired by the abutting property owner or the director of public works shall take action…"

3. West Virginia Code § 17-10-17 provides that, "Any person who sustains an injury to his person or property by reason of…any road, bridge, street, alley or sidewalk in any incorporated city, town or village being out of repair due to the negligence of the … incorporated city… may recover all damages sustained by him by reason of such injury in an action against the county court, city, town or village in which such… sidewalk may be, except that such city, town or village shall not be subject to such action unless it is required by charter, general law or ordinance to keep the road, bridge, street, alley or sidewalk therein, at the place where such injury is sustained, in repair."

However, as to open and obvious dangers, the circuit court correctly found,

8. West Virginia Code Section [§] 55-7-28(a) states that:

[a] possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

W. Va. Code § 55-7-28(a).

9. Moreover, West Virginia law recognizes that "[e]ach person has a duty 'to look, and to look effectively, and to exercise ordinary care to avoid a hazard[.]'" *Birdsell v. Monongahela Power Co.*, 181 W. Va. 223, 225, 382 S.E.2d 60, 62 (1989).

3

10. The Court finds no genuine questions or disputes of material fact as to the existence and condition of the subject tree well on December 12, 2016[,] or [petitioner's] actions as he walked down the sidewalk of Fourth Avenue on that day.

11. The tree well, in which [petitioner] deliberatively stepped, and its condition, was not hidden by any obstructions or protrusions and was reasonably apparent to anyone walking on the sidewalk and exercising minimal care to his or her surroundings.

12. [Petitioner] has presented no evidence to suggest that the existence and condition of the tree well would not have been reasonably apparent to a reasonably prudent person exercising the degree of care required by all persons in his or her position.

Petitioner appeals this August 29, 2019, summary judgment order. On appeal, petitioner argues that the circuit court erred when the judge did a site inspection of the area where the incident occurred, thus making the circuit court judge a trier of fact. Additionally, petitioner argues that the circuit court erred when it ruled that the danger was open and obvious instead of sending the case to the jury based upon the alleged defect on the sidewalk.

On appeal, this Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W. Va. at 190, 451 S.E.2d at 756, syl. pt. 2. In other words,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4. Additionally, we note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 3. Finally, we note that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a

reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242,] at 252, 106 S.Ct. [2505,] at 2512, 91 L.Ed.2d [202,] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995).

Petitioner argues that the circuit court committed reversible error when it observed where the accident occurred and stated on the record that based upon the court's review of the tree well in question, the circuit court believed it to be "open and obvious." First, after reviewing the summary judgment hearing transcript, this Court is disappointed by petitioner's characterization of the circuit court's actions and petitioner's suggestion that the circuit court judge conducted a site inspection of the premises where petitioner's fall occurred. Instead, the circuit court judge merely remarked that while staring out the window during lunch at a Jimmy John's restaurant, he observed an area on the sidewalk, similar to the area of petitioner's fall. The circuit court judge did not suggest that he observed the tree well at issue in preparing to render a decision in this case or even a tree well at all. Simply put, the circuit court appropriately considered and ruled upon the City's motion for summary judgment.[4] A casual observation by the circuit court judge does not suggest that the judge improperly became the trier of fact. Thus, we find this assignment of error to be without merit.

Next, petitioner alleges that the circuit court erred when it ruled that respondent was entitled to summary judgment on his negligence claim based upon West Virginia's open and obvious hazard doctrine. We disagree. To prevail on a negligence claim, petitioner was required to prove that respondent owed him a duty of care. *Aikens v. Debow*, 208 W. Va. 486, 490, 541 S.E.2d 576, 580 (2000). This Court has long held that "the determination of whether a plaintiff is owed a duty of care by the defendant must be rendered as a matter of law by the court." *Id.* As noted above, the West Virginia Legislature has established that "[a] possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, [and] reasonably apparent[.]" W. Va. Code § 55-7-28(a), in part. Reviewing the circuit court order de novo, we find that the circuit court appropriately held, as a matter of law, that the City owed petitioner no duty to protect against a danger that was open and obvious.

Further, petitioner alleges that the public safety statute should have prevented summary judgment where there was a factual dispute as to whether the danger was open and obvious. He argues that while the tree well was clear, the danger or harm was not apparent because he did not appreciate that this tree well was not filled and flush with the sidewalk. We note that the circuit court found no genuine issue or dispute of material fact as to the existence and condition of the subject tree well on December 12, 2016, or petitioner's actions as he walked down the sidewalk of Fourth Avenue on that day. Further, consistent with the circuit court's order, petitioner admitted that there was nothing obstructing or impeding his view of the tree well, noting that petitioner is

---

[4] Notably, petitioner did not object to the circuit court viewing photographs of the scene and, in fact, provided the circuit court with photographs to show the scene of the incident. Therefore, his failure to address those issues before the circuit court amounts to a waiver of those issues on appeal. *See Zaleski v. W. Va. Mut. Ins. Co.*, 224 W. Va. 544, 550, 687 S.E.2d 123, 129 (2009) (finding that an argument raised for first time on appeal was waived).

not visually impaired and the weather was clear. Thus, we refuse to disturb the circuit court's ruling granting summary judgment in favor of the City.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison


**NOT PARTICIPATING:**

Justice Margaret L. Workman