## 69570. LAMB v. K-MART CORPORATION et al.
### (328 SE2d 559)

POPE, Judge.

On July 6, 1981 appellant Inez Lamb slipped and fell on a concrete ramp at the entrance to K-Mart on Bankhead Highway. At the time she fell it was raining, and it had been raining for several hours. After a period of discovery, appellees K-Mart and Alterman Properties, Ltd. moved for summary judgment which was granted by the trial court. *Held*:

We reverse. In her deposition, Lamb testified that she was aware at the time she fell that it had been raining heavily. She testified that the whole area was covered with water, that she saw the water before she fell and that, in her opinion, she fell because it was wet and slippery. She further testified that the ramp was not completely covered, and that rain and water could be blown in and cause the ramp to be wet during inclement weather.

Had Lamb merely alleged in her complaint that she slipped and fell on the ramp because it was wet, it is clear from the record that summary judgment for the appellees would have been proper. See *Moss v. Atlanta Housing Auth.*, 160 Ga. App. 555 (287 SE2d 619) (1981). However, in her complaint, Lamb alleged that the appellees were "negligent in having maintained the walkway to the store with a smooth concrete surface and on an inclining plane . . ." and should have been aware that the ramp became slick and slippery when wet. Lamb later amended her complaint to allege that the ramp was defective because of the smooth concrete surface. Where the plaintiff alleges that the fall was caused by a combination of water and a defect in the material making up the surface upon which plaintiff fell, it is not sufficient to gain summary judgment to merely show that plaintiff had notice of the water on the surface. See *Foster v. Kenimer*, 167 Ga. App. 567 (1) (307 SE2d 30) (1983); *Cox v. Ray M. Lee Co.*, 100 Ga. App. 333 (3) (111 SE2d 246) (1959).

In opposition to appellees' motion for summary judgment Lamb adduced the affidavit of Garvin T. Dreger, an architect, who examined the ramp in question and found the surface to be poured concrete which had worn in such a manner as to leave a 40-50% exposed granite aggregate worn from use to a smooth and polished condition. He further averred that smooth and polished granite surfaces are known in the building industry to be unusually slippery when wet; that the ramp in question would be unusually slippery when wet; and that the ramp does not meet safety standards recognized in the building industry. Thus, Lamb has adduced evidence of fault on the part of appellees (defective ramp), and appellees have shown merely that Lamb had equal knowledge that it was raining and wet. Appellees have made no showing that Lamb was aware of the smooth granite surface,

the alleged defect in the ramp.

In *Cox v. Ray M. Lee Co.*, supra, the court discussed the difference between marble, which has been judicially recognized as a proper material with which to build stairways (*Holloman v. Henry Grady Hotel Co.*, 42 Ga. App. 347 (156 SE 275) (1930)), and concrete. "Concrete, to the contrary, is a mixture of cement and sand and sometimes other ingredients, such as steel or gravel, and the resulting texture and hardness of the finished product depend upon the ratios and quality of the ingredients placed therein as well as the finish placed thereon by the concreter. [Cit.] [W]hile concrete is sometimes referred to as *stone* it is not a stone in the same sense as *marble*. Accordingly, while marble is a proper material of which to build landings and steps and is not naturally slick and dangerous, even when polished, and while concrete may be manufactured so that it is not naturally slick and dangerous, this court cannot take judicial cognizance that such a slick and dangerous finish cannot be placed on concrete." *Cox*, supra at 337-38. In reversing the general demurrer, the court went on to say that "the fact that the landing and steps were only too slippery to walk on without slipping when wet or damp with rain water does not require a different holding where such landing and steps were located on the outside of a building where they would become damp each time it rained." Id. at 338. Therefore, we find that genuine issues of material fact remain and that the trial court erred in granting summary judgment.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 14, 1985.

*David H. Lanner*, for appellant.
*J. M. Hudgins IV, Alan L. Newman*, for appellees.