A90A2073. GUNTER et al. v. JACKSON ELECTRIC
MEMBERSHIP CORPORATION et al.
(402 SE2d 309)

SOGNIER, Chief Judge.

Martha Gunter and her husband B. E. Gunter, individually and as administrator of the estate of his son, Mitchell, brought suit against Jackson Electric Membership Corporation (Jackson) and Robert Allen McIntosh, to recover damages incurred when the motorcycle Mitchell was riding collided with a Jackson boom truck driven by McIntosh and Mitchell was killed. Judgment was entered on a jury verdict returned in favor of Jackson and McIntosh, and the Gunters appeal.

The evidence adduced at trial showed that McIntosh, while in the course of his employment at Jackson, backed the boom truck out of a private driveway onto a two lane highway just north of a curve in the road, completely blocking the southbound lane and partially blocking the northbound lane. There was evidence that overhanging tree limbs blocked both sight of the truck from approaching northbound traffic south of the curve, and the truck driver's view of approaching northbound traffic. The decedent was traveling north and

apparently was unable to stop in time after rounding the curve to avoid colliding with the truck. He was killed instantly.

The trial transcript reveals that immediately after the accident, in the course of his duties, Bobby Gunter (who coincidentally is appellant B. E. Gunter's second cousin), a Division Superintendent at appellee Jackson, inspected the collision site and spoke with Curtis McMillan, a Jackson employee who was a passenger in the truck. Several days later, Bobby Gunter (hereinafter "Gunter") interviewed appellee McIntosh about the collision and thereafter, in accordance with company policy, completed a "Supervisor's Report of Accident Investigation" on a form furnished by Jackson. In paragraph ten of the report, in the space provided for recording "UNSAFE ACT (refers to violation of safe practice rules as failure to wear hard hats)" Gunter marked: "Backing into road in unsafe condition." In paragraph 11, in the space provided for "WHAT I SUGGEST TO PREVENT A SIMILAR ACCIDENT," he entered: "Do not back into road with curve nearby. Passenger should get out of truck." Finally, in paragraph 12, under "COMMENTS," he wrote: "Should never back into road with curve nearby[,] and if have to passenger should get out of truck and check for traffic around curve."

Appellees moved in limine to exclude the report from evidence, contending that it contained opinions and conclusions, and that its completion constituted a subsequent remedial action, which is inadmissible. See *Brooks v. Cellin Mfg. Co.*, 251 Ga. 395, 397 (306 SE2d 657) (1983). The trial court reserved ruling until immediately prior to Gunter's testimony, when it allowed the document to be introduced, but ordered deletion of paragraphs 11 and 12.

1. Appellants contend the trial court erred by failing to admit the entire report into evidence because, regardless of its character as a subsequent remedial measure or the inclusion of hearsay, it was an admission against interest. We do not agree. It is generally presumed that evidence of subsequent remediation is submitted by plaintiffs for the purpose of showing that the defendant recognizes and admits his negligence, *Brooks*, supra at 396, and it is the prospect of having just such an admission inferred which prompts the exclusion. "The policy supporting our rule prohibiting introduction of evidence of subsequent remedial measures to prove negligence is grounded in the view that parties should be encouraged to take the steps necessary to render dangerous circumstances harmless. [People] should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrong-doers." (Citations and punctuation omitted.) Id. We agree with the trial court's conclusion that admission of the entire document would have subverted the policy behind the rule, and accordingly find no error in the trial court's initial deletion of

paragraphs 11 and 12. See generally *Chastain v. Fuqua Indus.*, 156 Ga. App. 719, 722-723 (3) (275 SE2d 679) (1980).

2. Gunter was first called to testify during appellants' case in chief, for purposes of cross examination. During that testimony Gunter testified concerning the report without referring in any way to the contents of the deleted paragraphs. When he was called later for direct examination by appellees, however, in an answer unresponsive to the question posed, Gunter elaborated extensively on the entries he had made in those portions of his report which had been excluded from evidence and deleted. Appellants then sought the admission of the previously excluded paragraphs of the report, arguing that the door to showing subsequent remedial measures had been opened by Gunter's testimony on direct examination. The trial court refused to change its prior evidentiary ruling, and appellants now contend this was error.

We agree. Although evidence of subsequent remedial action generally is not admissible as proof of negligence of the defendant in not having taken the remedial action or precaution before the injury, such evidence may be admitted under the proper circumstances. *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 686-687 (1) (178 SE2d 543) (1970). "This is such a case. The door to [evidence] of remedial measures was opened when counsel [allowed] the witness [to testify] as described above." *Brooks*, supra at 397. Accord *APAC-Georgia v. Padgett*, 193 Ga. App. 706, 709 (388 SE2d 900) (1989). Appellees having gratuitously opened the door to examination of the witness regarding remedial measures taken after the collision, appellants were entitled to have the jury examine the report dealing with those measures.

Exclusion of the report cannot be characterized as harmless error, because although the jury heard something of the substance of paragraphs 11 and 12 in Gunter's direct testimony, it did not have the full document before it when deliberating and appellants were not able to refer to the missing paragraphs in their closing argument. Accordingly, despite the correctness of the trial court's initial ruling deleting the two paragraphs, continued application of that ruling after Gunter's direct testimony served no legitimate purpose, and deprived appellants of an important strategic tool. A new trial is necessary.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 4, 1991 —
REHEARING DENIED FEBRUARY 20, 1991 — 

*Charles H. Hyatt, John M. Hyatt, Cashin & Davis, Harry L. Cashin, Jr.*, for appellants.

*Murray, Temple & Dinges, William D. Strickland,* for appellees.