A94A1618. BROWN et al. v. CARLISLE et al.
(448 SE2d 256)

BIRDSONG, Presiding Judge.

Thomas J. Brown, Jr. and Elizabeth D. Brown appeal the grant of directed verdict at the trial of their suit against Leonard Carlisle d/b/a Carlisle Construction, Inc. and Carlisle Construction, for injuries sustained by Brown while defendants were building their house. The evidence, viewed in favor of respondent Brown on defendants' motion for directed verdict, shows that Brown went to the premises to install wiring, at night after Carlisle's workmen had left the site. He opened a door that was intended to lead to a back porch, but there was no porch and he fell about ten feet. The house was not fully Sheetrocked; the door he opened did not have a knob. Brown contends he had warned Carlisle many times to put a barrier across such doors because of the obvious danger. He contended that if a bar had been placed across the door he would not have tried to go through the door opening. *Held*:

A directed verdict is proper when all the evidence introduced and all reasonable inferences therefrom, construed in favor of the non-moving party, demand a particular verdict. OCGA § 9-11-50 (a); *Gary v. E. Frank Miller Constr. Co.*, 208 Ga. App. 73, 75 (430 SE2d 182). The directed verdict in this case was correct. The evidence demands a conclusion that Brown knew there was no back porch. He went to the house site on a daily basis and even made a joke of seeing how many boards had been put up each day. He had spent time admiring the other porches on the house, he had spent this day cleaning up debris around the house and he had examined the progress. He returned to the house site after supper to do electrical work and he erected temporary lights inside using extension cords. It was light inside the house, but when he opened the back porch door, it was dark outside. However, he cannot suggest he thought he saw a porch because it was pitch dark outside and there was no porch. Brown had equal knowledge that no bar had been nailed across the door and of the danger inherent in walking through a door where there is no porch and there is no restraint across the door. He did not check to see if this door was barred on this day because it "wasn't prevalent in

my mind." In fact, it was obvious that there was no bar across the door, but he was not paying attention to that fact. He was thinking he needed to go onto the back porch to install an electrical apparatus; he walked through the door opening thinking, "porch, porch," but he knew there was no porch. We assume, in Brown's favor, that he had repeatedly warned Carlisle to bar such doors, and doubtless this injury would not have occurred if Carlisle had put a bar on the door. However, Carlisle did not have an absolute duty to ensure Brown's safety from dangers equally apparent to Brown and to protect him from failure to exercise ordinary care for his own safety.

Even where premises are dangerous and a proprietor is negligent, he is not liable for an injury where the plaintiff had equal or superior knowledge of a dangerous condition and fails to exercise ordinary care for his own safety. If he knows of a defect, or in the exercise of reasonable care would have known of it, he must use all his senses in a reasonable measure amounting to ordinary care to discover and avoid those things that might cause him harm. *Hall v. Thompson*, 193 Ga. App. 574 (388 SE2d 381). Although the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. *Wells v. C & S Trust Co.*, 199 Ga. App. 31, 32 (403 SE2d 826). Plaintiff is charged with knowledge of those defects which he had actually observed or which were so transparently obvious that his failure to observe them cannot reasonably be excused. Id., citing *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 32 (378 SE2d 154). Plaintiff not only knew there was no bar on the back porch door, he also knew there was no back porch. In these circumstances, the evidence and all reasonable deductions therefrom demand a verdict for defendants.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 22, 1994.

*Smith & Wallis, Kenneth A. Smith, Christopher B. Scott*, for appellants.
*Key & Kirby, L. Jack Kirby*, for appellees.