A94A2360. MANLEY et al. v. GWINNETT PLACE ASSOCIATES, L.P.
(454 SE2d 577)

SMITH, Judge.

Lillian Manley brought suit against Gwinnett Place Associates, L.P., d/b/a Gwinnett Place Mall, to recover damages for injuries sustained by Lillian Manley when she fell on a handicapped ramp outside the mall.[1] The trial court granted Gwinnett Place's motion for summary judgment, and the Manleys appeal. We affirm.

The record reveals that on April 26, 1991 at about 6:45 p.m., Lillian Manley (hereinafter referred to as "Manley") and her husband arrived at the mall and parked in the lot outside the entrance to the restaurant at which they were to meet friends. It was still light

---

[1] In a related appeal, *Gwinnett Place Assoc., L.P. v. Pharr Engineering*, 215 Ga. App. 53 (449 SE2d 889) (1994), we held that summary judgment was properly granted to third-party defendants from whom Gwinnett Place Associates sought contribution or indemnification.

outside. A handicapped access ramp leading from the sidewalk to the parking lot was located adjacent to the entrance. The ramp was painted yellow and a crosswalk marked with cross-hatching led up to it. Although Manley could not recall the exact path she and her husband took from the parking lot to the mall, she testified they "usually cross at a crosswalk," and they definitely entered the mall in that area. After dinner, between 9:30 and 10:00 p.m., they left the mall with the two couples with whom they had dined, walking three abreast to the parking lot. It was either misting or had just stopped raining, and the ground was wet. Manley slipped on the ramp and fractured her hip.

In their complaint, the Manleys alleged that Gwinnett Place was negligent in several respects. On appeal, they contend the trial court erroneously granted summary judgment to Gwinnett Place because issues of fact remain as to each of those allegations.

1. They first contend an issue of fact remains as to whether appellee improperly placed the handicap access ramp between the mall door and the parking lot in the main stream of traffic, at the only crosswalk.

We find no merit in this contention.[2] The gist of the Manleys' allegation regarding placement of the ramp is that although it was intended for the handicapped, its placement encouraged use by all pedestrians. However, to accomplish its intended purpose, the ramp must be placed where it is convenient for the disabled to use. Apparently, it is also convenient for those who are not disabled. Further, if it is safe for the handicapped, we fail to see how its use by non-disabled pedestrians indicates negligence on the part of the proprietor.

2. The Manleys' expert, George Rivers, testified that the ramp did not comply with industry guidelines or regulatory standards because the slope was too steep. The Manleys maintain that because of this noncompliance Gwinnett Place had superior knowledge of the hazardous condition of the ramp, and that appellee was negligent in failing to warn them of the hazard. We do not agree.

Neither the ANSI[3] standards nor the Americans With Disabilities Act establishes negligence or entitles the Manleys to recover here. ANSI is not a governmental body but a private entity that publishes standards applicable to various industries for use as guidelines. *Dupree v. Keller Indus.*, 199 Ga. App. 138, 142 (1) (404 SE2d 291) (1991). No legal requirement exists that the ramp comply with these standards, and violation of such privately set guidelines, although ad-

---

[2] We note initially that if, as the Manleys allege, the ramp was moved after Manley's fall to remediate a problem with its location, that fact is inadmissible. *Gunter v. Jackson EMC*, 198 Ga. App. 629, 630-631 (1) (402 SE2d 309) (1991).

[3] American National Standards Institute.

missible as illustrative of negligence, does not establish negligence. *Luckie v. Piggly-Wiggly Southern*, 173 Ga. App. 177, 178 (325 SE2d 844) (1984). As to the ADA, "OCGA § 51-1-6 provides for recovery of damages upon breach of a legal duty and specifies that the requirement under the law to perform or refrain from doing an act must be for the benefit of the injured person." *Dupree*, supra at 141. To recover on a claim of breach of statutory duty, the person claiming the breach must be within the class for whose benefit the statute was enacted. *Spivey v. Sellers*, 185 Ga. App. 241, 244 (363 SE2d 856) (1987). Clearly, Manley was not in the class of persons for whose benefit the Americans With Disabilities Act was enacted, since she was not disabled.

Even assuming, however, that failure to follow the guidelines for the ramp's slope created a hazardous condition that caused Manley's injuries, the condition of the ramp was open and obvious. Manley admitted that the ramp was in plain sight as she entered the mall, that it was painted yellow, and that it had sloping sides. Her expert, George Rivers, conceded that it was "obvious" the sides of the ramp were sloped. The facts in this case are legally indistinguishable from those in *Sullivan v. Quisc, Inc.*, 207 Ga. App. 114 (427 SE2d 86) (1993). In *Sullivan* we held that even if a threshold slope created a hazardous condition, it was an open and obvious static condition that the plaintiff could have discovered and avoided in the exercise of ordinary care. Id. at 115. Likewise, Manley should have been aware of the slope of the ramp and could have avoided the hazard by exercising ordinary care. See also *Walker, Dade & Catoosa Counties Hosp. Auth. v. Clark*, 209 Ga. App. 52 (432 SE2d 647) (1993). There is no duty to warn an invitee of the obvious. *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 402 (343 SE2d 164) (1986). The trial court did not err in granting summary judgment to appellee on this issue.

3. The Manleys assert error in the trial court's failure to find issues of material fact regarding various other allegations. None of these assertions are meritorious. They assert, for instance, that appellee was negligent in painting the ramp, thereby increasing its slipperiness. However, even their expert testified that the coefficient of friction of the painted ramp was "not unreasonable." Although they point to evidence that others had fallen in the area of this ramp as establishing that appellee failed to correct a known dangerous condition, appellee did take corrective action by painting the ramp with non-skid paint. Moreover, none of the three prior incidents was substantially similar to this one. None involved a wet ramp or involved serious injuries, one incident involved a woman wearing high-heeled shoes, and no evidence establishes that the remaining two incidents actually occurred on this ramp. Since these incidents were not substantially similar, they are not admissible. See *Meacham v. Barber*,

183 Ga. App. 533, 534 (1) (359 SE2d 424) (1987).

In this case, nothing prevented Manley from appreciating the presence, the slipperiness, or the steep slope of the ramp. Even when construed most favorably to her, the evidence demonstrates that the knowledge of the hazard attributable to Manley was at least equal to that of appellee. Summary judgment, therefore, was appropriately granted to Gwinnett Place. See *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292-293 (2) (435 SE2d 764) (1993).

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 9, 1995 —
RECONSIDERATION DENIED FEBRUARY 23, 1995 — 

*James G. Stewart,* for appellants.
*Greene, Buckley, Jones & McQueen, Francis C. Schenck,* for appellee.