A95A0965. BRANTLEY et al. v. CUSTOM SPRINKLER
SYSTEMS, INC.
(461 SE2d 592)

ANDREWS, Judge.

Brantley, Jr.[1] (Brantley) appeals from the grant of summary judgment to defendant Custom Sprinkler Systems, Inc. d/b/a All South Utilities (All South) on his negligence claim. We affirm.

All South and the City of Metter, Brantley's employer, entered into a contract for All South to construct a wastewater treatment pumping station. Brantley, the superintendent of the city water/sewer department, reviewed the plans, specifications, and equipment to be used and, during the construction process, observed on behalf of the city, including making periodic visits to the site. He had a key to the lock on the chain link fence erected around the site. The city retained an engineer to serve as the owner's representative during the construction and to perform the contractually required project inspections.

As part of the project, All South dug a 14-foot-deep pit which was lined with concrete and into which steps descended, described as a bar screen pit. Adjacent to this pit was a wet well, a concrete cylinder which contained the pumping equipment. It had a metal hatch over the opening and an electrical panel nearby to control the pumps. The chain link fence was kept locked when All South personnel were not on site.

Brantley visited the site daily in the two months before the accident on Sunday, August 23, 1992. He was aware that the bar screen pit did not yet have its metal railing installed around the top and that

---

[1] Brantley, Jr. sued for his injuries, and his wife sued for loss of consortium.

the pit was open. He was on site on Friday, August 21, when the pumps in the wet well were activated. On Saturday, Brantley was told by one of his employees that after the old and new systems were switched on Friday, flooding of the bar screen pit occurred, which was normal in such switchovers.

On Sunday afternoon, while no one else was on site, Brantley went to check on the pumping operation. He unlocked the gate, walked around the bar screen pit on the way to the electrical panel, opened the panel, walked to the wet well, opened the hatch, and knelt down on the concrete apron with his back to the bar screen pit. He watched the pump system go through several cycles and then, as he stated, "I stood up, and I stepped back, and for some reason, I fell. I don't know why. I stepped back off the edge of this [apron], stepped backwards from where I was kneeling down looking in the hatch, and fell . . . and I just went right into the pit."

1. Brantley contends it was error to grant summary judgment to All South because there was evidence that an Occupational Safety and Health Administration (OSHA) regulation had been violated on site by failure to adequately cover or barricade the bar screen pit.

While OSHA regulations may be admissible as evidence of a legal duty in an appropriate situation, see *Cardin v. Telfair Acres &c.*, 195 Ga. App. 449, 450 (2) (393 SE2d 731) (1990), "applicability in a particular case, and relevancy, depend on the relationship of the parties. OCGA § 51-1-6 provides for recovery of damages upon breach of a legal duty and specifies that the requirement under the law to perform or refrain from doing an act must be for the benefit of the injured person. . . . OSHA regulates obligations between an employer and its employees. [Cits.]" *Dupree v. Keller Indus.*, 199 Ga. App. 138, 142 (1) (404 SE2d 291) (1991).

Brantley was not the employee of All South and therefore was not the person intended to be benefited by the OSHA regulations upon which he relies. Id. All South provided weekly "toolbox" safety talks to its employees on site. Further, there was a supervisor certified as a "competent person" in safety matters by the Utility Contractors Association licensing board, in charge of the site while All South employees were working.

2. Assuming, without deciding, that Brantley could show violation of some industry practice with regard to the bar screen pit as a basis for an ordinary negligence claim, All South was nonetheless entitled to summary judgment. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

This case is factually similar to and controlled by *Brown v. Carlisle*, 214 Ga. App. 483 (448 SE2d 256) (1994). There, Brown, the owner of a home being built by Carlisle Construction, sued Carlisle for injuries he suffered when he opened a door onto a not yet con-

structed porch and fell to the ground. He had gone to the site after the contractor had left to install wiring. Brown had been to the site daily, cleaned up debris around the project, examined other porches which had been finished, and inspected the progress on the house. "Brown had equal knowledge that no bar had been nailed across the door, and of the danger inherent in walking through a door where there is no porch and there is no restraint across the door. . . . Even where premises are dangerous and a proprietor is negligent, he is not liable for an injury where the plaintiff had equal or superior knowledge of a dangerous condition and fails to exercise ordinary care for his own safety." *Brown*, supra at 483-484. *Thomas v. Southwest Ga. &c. Council*, 215 Ga. App. 638, 639 (451 SE2d 800) (1994); *Englehart v. OKI America*, 209 Ga. App. 151, 153 (2) (433 SE2d 331) (1993); *Brown v. RFC Mgmt.*, 189 Ga. App. 603, 605 (376 SE2d 691) (1988).

Brantley, knowing the open pit was behind him, knelt down with his back to it and fell when he attempted to rise. There is no liability on All South, and summary judgment on this ground was proper.

3. Brantley's contention that he was somehow distracted is also without merit. His own evidence was that he was the only source of distraction, if any, present at the site when he fell. One cannot take advantage of a self-induced distraction. *Harper v. Kroger Co.*, 212 Ga. App. 570 (443 SE2d 7) (1994); *Wittenberg v. 450 Capitol Assoc.*, 207 Ga. App. 260, 264 (427 SE2d 547) (1993).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 1, 1995.

*Franklin, Taulbee, Rushing, Bunce & Brogden, James B. Franklin, Keith A. McIntyre*, for appellants.

*Kent, Worsham, Smart & Brannon, Hugh M. Worsham, Jr., W. O. Williamson III*, for appellee.