## A98A0491. FLOURNOY v. HOSPITAL AUTHORITY OF HOUSTON COUNTY.
### (504 SE2d 198)

BLACKBURN, Judge.

James Flournoy sued the Hospital Authority of Houston County d/b/a Perry Hospital for injuries sustained when Flournoy slipped on a ramp at the hospital. The trial court granted the hospital's motion for summary judgment, and Flournoy appeals. For the reasons discussed below, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

"[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or,

in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

With respect to the first prong, there was sufficient evidence for the jury to find that the ramp was a hazardous condition of which defendant had actual or constructive knowledge. Plaintiff presented the expert testimony of Peter Combs, an architect. Combs testified that the slope of the ramp exceeded the maximum permitted by the standard building code, rendering the ramp unsafe. Although he did not know whether Houston County had adopted the standard building code, he testified that it was the standard code in force throughout the south and that he was not aware of any Georgia counties that did not follow such code. He further testified that the non-skid coating on the ramp appeared to have been worn, and that in his opinion the level of slickness of the ramp was a hazard. He also testified that, even if Houston County had not adopted the standard building code, that would not affect his opinion as to the ramp's safety.

Defendant can be presumed to have knowledge of the ramp, having built it in 1984 and used it continuously since. The fact that defendant painted the ramp with a non-skid paint in 1989 supports an inference that defendant was aware of the potential hazard. Given that defendant used the ramp continuously, it can be inferred that defendant had actual or constructive knowledge of the worn nature of the non-skid coating. Therefore, for purposes of summary judgment, plaintiff has satisfied the first prong of the *Robinson* test.

With respect to the second prong, plaintiff's lack of knowledge of the hazard, *Robinson* held that plaintiff's evidentiary burden on this issue does not arise "until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson*, supra at 749. Moreover, our analysis of this issue must be guided by *Robinson*'s directive that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety[,] are generally not susceptible of summary adjudication." Id. at 748.

Defendant claims that plaintiff's negligence is established as a matter of law by the fact that plaintiff had previously negotiated the ramp without difficulty. Defendant relies on cases holding that "[w]hen a person has successfully negotiated an allegedly dangerous condition on a previous occasion, that person is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting therefrom." *Williams v. Sing Bros.*, 226 Ga. App. 657, 658 (1) (487 SE2d 445) (1997). However, this rule has no application in the present case. The danger allegedly posed by the ramp resulted from a combination of the slope of the ramp, the fact that the non-

skid coating had worn down, and the fact that the ramp was wet. It cannot be said as a matter of law that an individual using the ramp would have appreciated the danger posed by the combination of these elements. See *Lamb v. K-Mart Corp.*, 173 Ga. App. 847 (328 SE2d 559) (1985) ("Where the plaintiff alleges that the fall was caused by a combination of water and a defect in the material making up the surface upon which plaintiff fell, it is not sufficient to gain summary judgment to merely show that plaintiff had notice of the water on the surface").

The fact that plaintiff had successfully walked up the wet ramp the day of the accident cannot be said as a matter of law to have given him actual or constructive knowledge of the hazard of walking down the wet ramp. Indeed, the fact that he did not slip going up is more likely to have lulled him into believing the ramp was safe than to have alerted him to its unsafe condition. Plaintiff's expert testified that people seldom slip going up a ramp, but are more likely to slip going down. Therefore, it cannot be said that defendant has established plaintiff's negligence for purposes of summary judgment, and the court erred in granting summary judgment to defendant.

In *Manley v. Gwinnett Place Assoc.*, 216 Ga. App. 379 (454 SE2d 577) (1995), we affirmed the grant of summary judgment to a defendant under facts very similar to those in this case. However, *Manley* was decided before the Supreme Court's strong admonition in *Robinson* that issues such as plaintiff's negligence and lack of ordinary care for his personal safety are generally not susceptible of summary adjudication. In light of the Supreme Court's clear message in *Robinson*, *Manley* is hereby overruled to the extent that it conflicts with this opinion.

*Judgment reversed. Pope, P. J., Beasley, Johnson and Ruffin, JJ., concur. McMurray, P. J., and Birdsong, P. J., concur fully and specially. Smith and Eldridge, JJ., concur specially. Andrews, C. J., concurs in the judgment only.*

SMITH, Judge, concurring specially.

I concur fully in the majority opinion authored by Judge Blackburn. Although I was the author of *Manley v. Gwinnett Place Assoc.*, 216 Ga. App. 379 (454 SE2d 577) (1995), I agree with the final paragraph of the majority acknowledging that *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997) clearly changed the analysis that must be applied in cases such as this one and *Manley*. Except in unusual circumstances, these cases, like the vast majority of other slip-fall cases, are now for jury determination.

I am authorized to state that Presiding Judge Birdsong joins in this special concurrence.

ELDRIDGE, Judge, concurring specially.

While I concur entirely with the majority, I believe that several important legal factors should also be addressed.

1. The legal significance under OCGA § 51-3-1 of the Americans With Disabilities Act, the Rehabilitation Act of 1973,[1] or the Georgia Access To & Use of Public Facilities By Persons With Disabilities Act[2] is that the owner/occupier has actual or constructive knowledge of any static condition or the absence of any safety device mandated or prohibited under such Acts. Thus, any owner/occupier of premises subject to such Acts has satisfied as to them the first prong of liability "that the defendant had actual or constructive knowledge of the [condition]" and that such knowledge is "superior" to the invitee's knowledge, because such Acts put them on notice of the dangers and possible risk of injury to those individuals within the ambit of the Acts as to the requirements for the premises. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). However, once the owner/occupier has knowledge for purpose of the Acts, the owner/occupier has knowledge as to all invitees that come on the premises. See OCGA § 51-3-1. The mandates of the Acts make the owner/occupier have superior knowledge to the invitee as to mandated or prohibited conditions on the premises and approaches.

2. The foregoing is separate and apart from negligence per se, which is dependent upon the purpose of the law and of coverage of the Act's protection, although it satisfies part of plaintiff's legal burden of proof. *Keith v. Beard*, 219 Ga. App. 190 (464 SE2d 633) (1995); *Bradley v. Custom Sprinkler Systems*, 218 Ga. App. 431 (461 SE2d 592) (1995); *Central Anesthesia Assoc. v. Worthy*, 173 Ga. App. 150 (325 SE2d 819) (1984); *Potts v. Fidelity Fruit &c. Co.*, 165 Ga. App. 546 (301 SE2d 903) (1983). Thus, if the plaintiff can prove that he comes within the statutory definition of "disabled," then he may be able to prove negligence per se and show that safety was the purpose of the Acts. *Thompson v. Crownover*, 259 Ga. 126, 129 (4) (381 SE2d 283) (1989); *Biggs v. Long*, 212 Ga. App. 195, 199 (3) (441 SE2d 677) (1994).

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

---

[1] Americans With Disabilities Act, 42 USCS § 12101 et seq., Pub. L. No. 101-336 (104 Stat. 327) (1990); the Accessibility Guidelines for Buildings & Facilities, 36 CFR § 1191.1, App. A, pp. 648, 674; 56 FR 45518; and the Rehabilitation Act of 1973, as amended, 29 USCS § 701 et seq.; 42 USCS § 12201 (a); 59 FR 17446.

[2] OCGA § 30-3-9 *requiring compliance with American National Standards Institute ("ANSI") specifications A117.1-1986 or A117.1-1980.*

DECIDED JUNE 5, 1998.

*Nelson & Lord, Ellis M. Nelson,* for appellant.
*Harman, Owen, Saunders & Sweeney, David C. Will,* for appellee.

