A11A2096. WILLIAMS v. UNITED COMMUNITY BANK.
(722 SE2d 440)

McFADDEN, Judge.

Kevin A. Williams appeals from the trial court's grant of summary judgment to United Community Bank (the Bank) in the Bank's action against Williams and others to enforce a promissory note that Williams, among others, had guaranteed. Williams argues that the trial court erred in granting summary judgment to the Bank because the Bank was no longer a party in interest at the time of the ruling, having transferred its interest in the underlying indebtedness. Because Williams had not raised this argument at the time the trial court granted summary judgment, the trial court did not address it. Consequently, this appeal presents nothing for our review,

and we must affirm.

The evidence of record on appeal shows the following. On May 26, 2009, Bella Montagna LLC executed a promissory note in favor of the Bank, and Williams executed a guaranty in which he unconditionally guaranteed payment of Bella Montagna's indebtedness to the Bank under the note. Other persons and entities executed similar guaranties. Bella Montagna defaulted on the loan, and the Bank demanded payment from the guarantors, including Williams. The guarantors did not make the demanded payment to the Bank.

On July 12, 2010, the Bank filed an action on the note against Bella Montagna and the various guarantors, including Williams, and it subsequently moved for summary judgment. In January 2011, the trial court entered judgment against the defendants other than Williams. On April 19, 2011, the trial court entered summary judgment against Williams in the order on appeal in this case.

On May 3, 2011, Williams moved the trial court to set aside its summary judgment order, asserting that on April 18, 2011, one day before the court entered its order, the Bank transferred its interest in the indebtedness underlying the promissory note to another entity. On May 19, 2011, however, Williams filed a notice of appeal to this court, divesting the trial court of jurisdiction to consider his motion to set aside pending the appeal. See *McConnell v. Wright*, 280 Ga. App. 546, 547 (634 SE2d 495) (2006) (filing of notice of appeal divests trial court of jurisdiction to rule on outstanding motion to set aside), rev'd on other grounds, 281 Ga. 868 (644 SE2d 111) (2007). See also OCGA § 5-6-39 (a) (1), (c) (allowing the trial court to grant one extension of time for the filing of a notice of appeal).

The sole error enumerated by Williams is that summary judgment was improperly issued in favor of the Bank because the Bank was not the real party in interest at the time the summary judgment was entered. Williams does not question the substantive merits of the trial court's decision to grant summary judgment. See generally *Nelson v. Bd. of Regents &c.*, 307 Ga. App. 220, 226 (2), n. 22 (704 SE2d 868) (2010) (claims of error relating to substantive merits of order granting summary judgment are deemed abandoned on appeal where appellant fails to address them).

But we are not in a position to review whether Williams's real-party-in-interest argument precludes the grant of summary judgment to the Bank. Neither that question nor any evidence related thereto had been presented to the trial court when it ruled on the summary judgment motion, and consequently the trial court did not consider that question in ruling on the motion. "[W]hen this Court reviews a decision of a trial court on a motion for summary judgment, it sits as a court for the correction of errors of law." (Citation omitted.) *Strength v. Lovett*, 311 Ga. App. 35, 44 (2) (b) (714 SE2d 723) (2011).

"[A]n error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error." (Citation and punctuation omitted.) Id. And although in certain instances an appellate court can review a record and determine that a summary judgment ruling was right for some reason other than that given by the trial court, an appellate court should not consider whether the trial court was "wrong for any reason." Id. Accordingly, we will not consider for the first time on appeal Williams's real-party-in-interest argument. See *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640, 648 (6) (b) (706 SE2d 652) (2010).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Berman, Fink & Van Horn, Charles H. Van Horn, Kristin N. Zielmanski*, for appellant.

*Stites & Harbison, Melinda Agee, Catherine M. Banich*, for appellee.