**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 26, 2012**

# In the Court of Appeals of Georgia

A12A1114. NEWMAN v. JOHNSON.

MCFADDEN, Judge.

Brenda Johnson filed a complaint against Jimmy Burnsed, Bryan County Commission Chairman, and Derrell Newman, Bryan County Director of Public Works, seeking to recover damages for injuries allegedly suffered when she tripped and fell on a step near the entrance of a county-owned building. The complaint claims that the step violated two building codes, the Life Safety Code and the Americans with Disabilities Act (ADA). Burnsed and Newman filed a joint motion for summary judgment, asserting defenses of sovereign immunity for Burnsed and official immunity for Newman. The trial court granted summary judgment to Chairman Burnsed, but denied summary judgment to Director Newman, finding that there is a genuine issue of material fact as to whether he breached the duty to inspect the

building for compliance with the ADA. Newman appeals, and we reverse because Johnson was not within the class of persons protected by the ADA, and remand to the trial court for consideration of the claims under the Life Safety Code.

1. *Americans with Disabilities Act.*

"[O]n appeal from the denial or grant of summary judgment, the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. (Citation and punctuation omitted.) *Weller v. Blake*, 315 Ga. App. 214, 215 (726 SE2d 698) (2012). Viewed in that light, the evidence shows that on the morning of March 13, 2007, 67-year-old Johnson was walking toward the entrance of the Department of Family and Children Services, located in a building owned by Bryan County. At the point where the sidewalk abutted the porch of the building, there was approximately a three-inch step. Johnson's foot hit the step and she fell, landing on her hands and head.

In its summary judgment order, the trial court found that the Bryan County buildings are subject to compliance with the ADA, that Newman had a ministerial

2

duty to inspect buildings for compliance with the ADA, and that there is a genuine issue of material fact as to whether Newman violated this duty.

> As to the ADA, OCGA § 51-1-6 provides for recovery of damages upon breach of a legal duty and specifies that the requirement under the law to perform or refrain from doing an act must be for the benefit of the injured person. To recover on a claim of breach of statutory duty, the person claiming the breach must be within the class for whose benefit the statute was enacted.

(Citations and punctuation omitted.) *Manley v. Gwinnett Place Associates*, 216 Ga. App. 379, 381 (2) (454 SE2d 577) (1995), overruled in part on other grounds, 232 Ga. App. 791 (504 SE2d 198) (1998). "[T]he plaintiff must show at trial that the [ADA was] intended to protect the class of persons from certain risk of injury and that she came within the ambit of the act, protecting her from the prohibited acts or omissions of the defendant. [Cit.]" *Val D'Aosta Co. v. Cross*, 241 Ga. App. 583, 585 (526 SE2d 580) (1999).

In this case, although Johnson asserted a claim based on an alleged violation of the ADA, she has made no claim that she is disabled and has failed to point to any evidence showing that she was within the class of disabled persons for whose benefit the ADA was enacted. Indeed, at the summary judgment hearing, her attorney stated in his place that she was not disabled. The attorney told the court, "I don't think

3

[Johnson] would fit the definition of a person that was disabled. And I'm not going to blow any smoke with that - I don't think she would have. But I think she would have been entitled to whatever protection is afforded by the Life Safety Code."

It is clear that Johnson "was not in the class of persons for whose benefit the Americans With Disabilities Act was enacted, since she was not disabled." *Manley*, supra. Because she was not in the statute's protected class, she is not entitled to recover for the alleged acts or omissions that failed to comply with the ADA. Accordingly, the trial court erred in denying summary judgment to Newman on this claim. See *Odem v. Pace Academy*, 235 Ga. App. 648, 657 (3) (510 SE2d 326) (1998) (claim for alleged breach of statutory duty cannot survive summary judgment because plaintiff not within class of protected persons); *Brantley v. Custom Sprinkler*, 218 Ga. App. 431, 432 (1) (461 SE2d 592) (1995) (summary judgment affirmed where plaintiff claiming OSHA regulation violation not a person intended to be benefitted by such regulation).

2. *Life Safety Code.*

Although the parties have addressed issues concerning the alleged violations of the Life Safety Code, we are not in a position to review those issues "because the court below did not address [them] in its order denying [Newman's] motion for

4

summary judgment." *Strength v. Lovett*, 311 Ga. App. 35, 44 (2) (b) (714 SE2d 723) (2011).

> When this Court reviews a decision of a trial court on a motion for summary judgment, it sits as a court for the correction of errors of law. An error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues [regarding the Life Safety Code], there are no rulings to review for legal error.

(Citations and punctuation omitted.) *Williams v. United Community Bank*, 313 Ga. App. 706, 707-708 (722 SE2d 440) (2012). Accordingly, on remand the trial court should consider the Life Safety Code claims.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*