**FIRST DIVISION
ELLINGTON, P. J.,
MCFADDEN and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2033. WOODEN v. SYNOVUS BANK.

MCFADDEN, Judge.

This appeal is from a grant of summary judgment to a bank on three promissory notes signed by appellant in favor of the bank. Because there exist no genuine issues of material fact, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9–11–56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Trendmark Homes v. Bank of North Ga.*, 314 Ga. App. 886 (726 SE2d 138) (2012) (citation omitted).

So viewed, the record shows that Howard Wooden executed three promissory notes in favor of Synovus Bank. On March 24, 2010, he executed a note for $57,617; on July 30, 2010, he executed a note for $168,827; and on December 17, 2010, he executed a note for $156,257. On all three notes, Wooden was listed, and signed, as the sole borrower. Wooden defaulted on the notes, and the bank demanded payment. After he failed to pay, the bank filed the instant complaint. The trial court granted summary judgment in favor of the bank, and Wooden appeals.

Wooden claims the trial court erred in granting summary judgment because there exist genuine issues of material fact as to whether he was merely an accommodation party under the notes. The claim is without merit.

OCGA § 11-3-419 (a) provides:

> If an instrument is issued for value given for the benefit of a party to the instrument known as the "accommodated party," and another party to the instrument known as the "accommodation party" signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."

In this case, the three promissory notes do not include any obligated party other than Wooden. He is identified as the sole borrower in all three notes and he signed the notes in such capacity. Thus, the clear and unambiguous terms of the notes do not

2

show that there was an accommodated party and that Wooden was a separate accommodation party; rather, they simply identify Wooden as the obligated borrower. "[W]here the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791, 794 (1) (709 SE2d 336) (2011) (citation and punctuation omitted).

Despite the clear language of the notes, Wooden attempts to show that the parties' intentions were for him to be an accommodation party on the notes by pointing to parol evidence purportedly showing, among other things, that a bank officer made statements that there would be other obligors under the notes. However, Wooden "cannot modify the [notes] by imposing conditions not apparent on [their] face[s]. 'Parol evidence is inadmissible to add to, take from, or vary a written contract.' OCGA § 13–2–2 (1)." *Lovell v. Georgia Trust Bank*, 318 Ga. App. 860, 864 (2) (734 SE2d 847) (2012). Indeed,

> [a] promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. The note being an unconditional promise, the contract is complete as written. Parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made

3

contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note.

Id. at 863 (2) (citation and punctuation omitted).

Moreover, even if there were other obligors, that would not relieve Wooden of his obligations to pay under the terms of the notes. All three notes contain an "Obligations Independent" clause, which provides that Wooden understands that he "must pay this note even if someone else has also agreed to pay it"; that the bank "may sue [Wooden] alone, or anyone else who is obligated on this note, or any number of us together, to collect this note"; that the bank "may without notice release any party to this note without releasing any other party"; and that if the bank gives up any of its rights "it will not affect [Wooden's] duty to pay this note." Accordingly,

> the intentions of the parties with regard to whether appellant was an accommodation party are simply irrelevant, since the plaintiff is the bank, which took the note[s] for value. As to the bank, therefore, there is no question that, as a matter of law, whether or not appellant signed as an accommodation party, he is liable in the capacity in which he signed. It is undisputed that appellant signed the note[s] as "borrower," leaving no question of material fact for jury resolution. Therefore, summary judgment was properly awarded. O.C.G.A. § 9-11-56 (c).

*Brice v. Northwest Georgia Bank*, 186 Ga. App. 871, 872 (368 SE2d 816) (1988).

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

4