**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 7, 2026**

# In the Court of Appeals of Georgia

A25A1817. BERRYHILL et al. v. LOPEZ.

DOYLE, Presiding Judge.

This appeal arises from the grant of partial summary judgment to plaintiff Michael Lopez in his quiet title claim against Viren Patel; Chandani Patel; Sanderi Productions, LLC; Sanderwala, LLC; Roshni Patel; Niveda Dave; Shabbir Kurbanhussein; and Tyler Berryhill.[1] Dave and Berryhill filed this appeal, challenging the trial court's conclusion that a first-position security interest did not encumber property later bought by Lopez because the debt underlying the security deed was void as a matter of law for lack of consideration. Because the trial court erred, we reverse.

---

[1] Throughout some portions of the record and pleadings, Tyler Berryhill is referred to as "Tyler Berrhill". His identity is not at issue, and for simplicity, we use the legal name identified in his deposition.

The record in this case is voluminous, and there are many parties and transactions. We confine our review to the portions of the record relevant to the issue ruled upon by the trial court and challenged in this appeal: whether the first-position security deed was rendered void because its underlying debt lacked consideration, thereby also rendering void a foreclosure on that deed.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459(1) (486 SE2d 684) (1997) (citation omitted).

So viewed, the relevant record shows that the subject property was originally jointly owned by Chandani and Roshni Patel. In August 2014, Roshni and Chandani executed an unsecured note promising to repay a loan from Sanderwala for $187,151 ("Unsecured Loan"). The Unsecured Loan had an 11 percent interest rate with a five-year maturity term. On September 3, 2018, Chandani executed a note evincing a loan

from Sanderwala, LLC, for $240,000 ("First Note"), secured by a security deed ("First-Position Deed") in favor of Sanderwala; the First-Position Deed was recorded on October 9, 2019. On September 6, 2018, Chandani executed a note evincing a loan from Sanderi Production, LLC, for $240,000 ("Second Note"), secured by a second-position security deed ("Second-Position Deed"), which was recorded a few minutes after the First-Position Deed on October 9, 2018. On September 10, 2018, Chandani executed a document titled "Warranty Deed," transferring a quitclaim interest in the property to Kurbanhussein. Also on September 10, 2018, Chandani executed a security deed in favor of Sanderwala for a debt of $245,000, which deed was recorded on January 22, 2019 ("Third-Position Deed").

Lopez purchased an interest in the subject property as the high bidder on September 1, 2020, when Sanderi foreclosed on the Second-Position Deed. Then in April 2021, Sanderwala assigned the First-Position Deed to Dave, who sought to foreclose on the First-Position Deed. Lopez filed the present action on July 1, 2021, asserting claims for an interlocutory injunction, declaratory relief, quiet title, fraud, and conspiracy, later amending the complaint to allege claims for conspiracy, conversion, money had and received, unjust enrichment, constructive trust, RICO,

abuse of corporate form, quiet title, reformation, unauthorized practice of law, punitive damages, and attorney fees.

Lopez initially obtained a TRO preventing Dave from foreclosing, but due to a problem with notice, Dave foreclosed and transferred her interest to Berryhill via a deed under power on July 6, 2021. Litigation ensued with some discovery and motion practice, including Lopez's motion for partial summary judgment on his request to quiet title, which motion the trial court granted. The trial court granted the motion on the ground that the First-Position Deed was based on an alleged debt that was void for lack of consideration. Therefore, the trial court reasoned, the First Note and First-Position Deed were unenforceable and void, thereby rendering void the deed under power transferred to Berryhill. Dave and Berryhill now appeal from that order.

1. The appellants contend that the trial court erred by determining that the underlying note and security deed were void as a matter of law based on a lack of consideration.[2] We agree.

---

[2] The appellants also argue that Berryhill was a bona fide purchaser for value at the 2021 foreclosure sale, which extinguished the First-Position Deed, but the trial court did not rule on those issues. We need not address them in light of our holding herein. See generally *Williams v. United Cmty. Bank*, 313 Ga. App. 706, 708 (722 SE2d 440) (2012) ("'[A]n error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues raised on appeal,

In its order, the trial court recounted that the First-Position Deed was based on a $240,000 loan from Sanderwala to Chandani, even though no money changed hands at that time. Based on this, the trial court reasoned that the parties never intended that Chandani would repay the loan underlying the First-Position Deed, rendering the First Note void for lack of consideration and an invalid debt with respect to the First-Position Deed. The trial court based this conclusion on *Beasley v. Paul*, 223 Ga. App. 706 (478 SE2d 899) (1996), which addressed a promissory note underlying a security deed that the parties agreed to never enforce because it was a placeholder between a buyer and seller until the existing debt on a home could be refinanced, which occurred, and which the buyer used to pay off the borrower's existing mortgages. See id. at 708–09(2). In essence, the parties in *Beasley* had agreed that the note was never intended to be a debt, and as a legal matter, it was satisfied when the existing debt on the home was satisfied. See id. at 709(2).

Here, however, the record at the summary judgment stage is not so clear. First, nothing on the faces of the Unsecured Loan or First Note indicates that they are invalid debts.

there are no rulings to review for legal error.'") (quoting *Strength v. Lovett*, 311 Ga. App. 35, 44(2)(b) (714 SE2d 723) (2011)).

A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. It is well established that a promissory note may not be modified by the imposition of conditions not apparent on its face. The note being an unconditional promise, the contract is complete as written. Parol evidence may not be used to impose conditions which are not apparent from the face of the note. An oral agreement between the parties, made contemporaneously with the execution of the note or prior thereto relating to a condition not expressed in the note is incompetent to change the contract as represented on the face of the note.

*Wooden v. Synovus Bank*, 325 Ga. App. 876, 878 (756 SE2d 19) (2014) (punctuation omitted). See also *Bd. of Comm'rs of Crisp County v. City Comm'rs of City of Cordele*, 315 Ga. App. 696, 700 (727 SE2d 524) (2012) ("[W]hen a written contract's terms are clear and unambiguous, 'the court cannot go beyond the contract itself and must confine itself to the contract alone to find the parties' intent.'"). Both the Unsecured Loan and First Note contain clear promises to repay a sum, which represent enforceable, valid debts. See *Wooden*, 325 Ga. App. at 877 (stating that "[w]here the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties," and holding that the party who signed as a "borrower" was liable as the debtor).

Moreover, while it is true that "when the consideration underlying the note is at issue . . . 'the maker of a note, when sued, has the right to show by parol, if he can, a want or failure of consideration,'" the maker of the note here points to parol evidence that the First Note *actually is* based on consideration. *Beasley*, 223 Ga. App. at 709(2). There is a notation on the 2014 Unsecured Loan that it was "converted to a secured loan" in 2018, whereby, according to an affidavit by Chandani, the remaining principle and interest due on that loan became the debt in the First Note secured by an interest in the property via the First-Position Deed. Thus, when the record is construed in favor of the nonmovants at summary judgment, see *Matjoulis*, 226 Ga. App. at 459(1), there is evidence that the First Note and First-Position Deed were an attempt to secure the 2014 Unsecured Loan with an interest in the property. "No new consideration need be given for an instrument if the instrument is given in payment of, or as security for, an antecedent obligation of any kind. An instrument given in 'payment of, or as security for, an antecedent claim against any person, whether or not the claim is due' is given for value." *Smith v. Thigpen*, 298 Ga. App. 572, 573 (680 SE2d 604) (2009) (quoting OCGA § 11-3-303(a)(3) and citing *Deep South Servs., Inc. v. Wade*, 248 Ga. 80, 82(1) (281 SE2d 561) (1981)).

The trial court also based its ruling on a statement in the Chandani affidavit that instead of paying Roshni and Chandani in 2014, Sanderwala actually tendered a cashier's check made out to their mother, Rajani Deotare, who intended to help her brother, Pradeep Deotare, who ultimately would be responsible for repaying the amount. Therefore, the trial court ruled, the parties never intended that Chandani and Roshni would repay the Unsecured Loan. But again, the fact that Chandani and Roshni directed that the money be paid to their mother does not mean that no value was given under the Unsecured Loan and later the First Note. "As to the [lender], . . . there is no question that, as a matter of law, whether or not [the borrower] signed as an accommodation party [for a third person], he is liable in the capacity in which he signed." *Wooden*, 325 Ga. App. at 878 (punctuation omitted). Who is ultimately responsible must be resolved among the Patels and their associates, but this issue does not void the original debt claim held by Sanderwala.

Based on this record, the trial court erred by concluding as a matter of law that there was no consideration underlying the Unsecured Loan or First Note. We emphasize that our holding is a narrow one, reached at the summary judgment stage solely on the question of the lack of consideration underlying the relevant debt.

Lopez's complaint contains multiple claims reaching much broader conduct, and we do not opine on the merits of those claims in this opinion.

2. The appellants also argue that Berryhill was a bona fide purchaser for value at the 2021 foreclosure sale, which extinguished the First-Position Deed. The trial court did not rule on those issues, and we need not address them in light of our holding herein. See generally *Williams*, 313 Ga. App. at 708 ("'[A]n error of law has as its basis a specific ruling made by the trial court. There having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error.'") (quoting *Strength*, 311 Ga. App. at 44(2)(b)).

*Judgment reversed. Markle and Padgett, JJ., concur.*